<u>**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**</u>

**IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS DALLAS DIVISION**

| | | |
|---|---|---|
| **CAROL GATTENBY f/k/a** | § | |
| **CAROL E. BURROUGHS,** | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | Civil Action No. 3:22-CV-2538-S-BH |
| | § | |
| **FTS CAPITAL, LLC,** | § | |
| Defendant. | § | |

<u>**PETITIONER'S FIRST AMENDED PETITION TO QUITE
TITLE AND TO REMOVE THE CLOUD ON TITLE**</u>

Petitioner, Carol Gattenby f/k/a Carol E. Burroughs and files this her First Amended Petition for Declaration to Quite Title and to Remove the Cloud on Title and for cause of action respectfully shows:

## I.   DISCLOSURE

Petitioner, Carol Gattenby is seeking a Declaration that the home equity loan and lien that was placed on the homestead is invalid, illegal and of no force and effect for failing to meet the requirements of Section 50(a)(6) of Article XVI, of The Texas Constitution, hereinafter "Section 50(a)(6)". For a valid loan and lien to be place on a homestead certain requirements must be present:

In Section 50(a)(6) (A) it provides that:

"(A) The loan must be voluntarily created with the consent of each owner of your home and each owner's spouse;

"(N) The loan may close only at the office of the lender, title company or an attorney at law;

**PETITIONER'S FIRST AMENDED PETITION TO QUITE TITLE AND TO REMOVE THE CLOUD ON TITLE --PAGE 1 of 9**

"(Q)(6) Provide that the security instruments contain a Disclosure that this loan is a loan defined by Section 50(a)(6);

"(Q) (10) Provide that the Lender will forfeit all principal and interest if the lender fails to comply with the lender's obligations……: and

"(i) (1) the security instruments securing the extension of credit contain a disclosure that the extension of credit secured by the lien was the type of credit defined by Section 50(a)(6), Article XVI, of the Texas Constitution.

## II.  PARTIES

Carol Gattenby is an individual with her principal residence in Garland, Dallas County, Texas, referred to, herein, as Petitioner or ("Gattenby").

FTS Capital, LLC ("FTS"), is a limited liability company, with its principal place of business in Pennsylvania. The limited liability company principal place of business in Pennsylvania is 352 2nd Street Pike 310, South Hampton, PA 18966. FTS has filed an answer in this case.

## II.  JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter as this case was removed from State of Texas District Court as a diversity of citizenship.

2. Petitioner is a resident of, and/or principally located in, Dallas County, State of Texas and FTS has its principal place of business in South Hampton, PA.

## III.  FACTS

3. FTS Capital, LLC had filed an Application for an Expedited Order under Texas Rules of Civil Procedure, Rule 736 on a Home Equity Loan in the 191St Judicial District, Dallas

Count, Texas. The cause number was DC-22-00618 and was filed on or about January 6, 2022. The filing of a suit in State of Texas District Court, Cause No. DC-22-13939, abated the Rule 736 cause of action and that cause of action was dismissed pending the outcome of this declaratory action.

4.  On or about 9/30/2008 a lien was place upon Gattenby's separate property: Being Lot 4 in Block 5 of Buckingham North Estates, an Addition to the City of Garland, Texas, according to the Map Thereof Recorded in Volume 40, Page 63, Map Records of Dallas, Dallas County, Texas, commonly known as 2114 Lansdowne Lane, Garland, TX 75040, (hereinafter "Property"). The deed of trust lien was placed on the Property by her former husband Donald L. Burroughs (herein as "Burroughs") with Capital One Bank, NA. Burroughs placed the deed of trust lien on the Property using a power of attorney. The power of attorney was executed by Petition on or about July 31, 1996. The purported current holder of the Note is Respondent FTS Capital, LLC.

5.  The Home Equity Line of Credit Agreement (hereinafter "Line of Credit") and the Texas Deed of Trust Home Equity Line of Credit, (hereinafter "Deed of Trust") securing the line of credit, were not signed by Gattenby, nor did she authorize Burroughs to sign his name for her on either document. Gattenby did not personally appear before the notary to sign the Deed of Trust.

6.  Unbeknown to Gattenby, Burrough was making payments on the Line of Credit until 7/20/2017. Payments stopped after the payment was made on 7/20/2017. There have been no payments made on the Line of Credit after 7/20/2017. Defendant, FTS has judicially admitted in Cause No. DC-22-00618 that the cause of action accrued on 7/20/2017. More than four (4) years has lapsed and thus collection of Line of Credit is time barred.

## IV.   CAUSE OF ACTION

7.    Gattenby seeks to have Declaration that the Deed of Trust Lien and the underlying Home Equity Loan that is securing the Deed of Trust Lien as collateral are invalid, ab initio, for failing to meet the requirements necessary to be a valid Home Equity Loan under Section (50)(a)(6). The Home Equity Loan and the Deed of Trust Lien securing the loan are invalid on the Property and should be removed from the Property. Petitioner is seeking an Order to be placed in the Property Records, Dallas County, TX that the Deed of Trust Lien is invalid. No legal principals can elevate a transaction to be valid that is invalid for failing to comply with State of Texas Constitution.

8.    Gattenby is seeking a Declaration that the loan was not voluntarily created with the consent of each owner of the Property as required by Section 50(a)(6)(A). Gattenby never consented to a Home Equity Loan be place on the Property. The Power of Attorney relied by Capital One in making the Home Equity Loan was invalid for the following reasons: 1) the power of attorney was executed on July 31, 1996 and the Amendment to the Texas Constitution Section 50(a)(6) allowing a home equity loan to be placed on a homestead was not law until 1997; and 2) a power of attorney must clearly state that the power of attorney can be used for purposes of a Home Equity Loan on a homestead to satisfy the voluntarily created with consent of each owner. A voluntarily consent must be clear on the face of the Home Equity Loan to be valid. In this case with the power of attorney executed in 1996 and the Amendment to Texas Constitution allowing Home Equity Loans was not enacted until 1997 the Petitioner Gattenby could not have consent in 1996 for Home Equity Loan when the constitutional provision was not in existence at time the power of attorney was executed. The power of attorney was never amended to allowing her Property to be specifically used as collateral for a Home Equity Loan.

9. Gattenby is seeking a Declaration that the Power of Attorney was not signed at the office of the lender, title company or an attorney at law as required by Section (50)(a)(6)(N). The Power of Attorney is silent on where it was signed. Thus, the power of attorney on its face does not meet the requirements of State of Texas Constitution, Section (50)(a)(6)(N). The power of attorney is invalid as it does not meet the requirement that a Home Equity Loan be closed at location required by Section (50)(a)(6). Therefore, the Defendant fail to meet the requirement that the loan was signed at a location required by State of Texas Constitution for a Home Equity Loan to be a valid loan.

10. Gattenby is seeking a Declaration that the Power of Attorney is silent on the required Disclosure that the loan, for which the Power of Attorney is being relied upon, is a loan defined by Section (50)(a)(6). Thus, the power of attorney on its face does not meet the requirements of Article XVI, Texas Constitution, Section (50)(a)(6)(Q)(6). The power of attorney cannot be relied upon by the Defendant to meet the disclosure requirement that the loan was to be a Home Equity Loan.

11. Gattenby is seeking a Declaration that the Power of Attorney is silent on the required Disclosure that the security instrument securing the extension of credit contain a disclosure that the extension of credit secured by lien was the type of credit, for which the Power of Attorney is being relied upon, defined by Section (50)(a)(6). Thus, the power of attorney on its face does not meet the requirements of Article XVI, Texas Constitution, Section (50)(a)(6)(i)(1). The power of attorney cannot be relied upon by the lenders, including the Defendant, to meet the requirement of disclosure that the security instrument securing the extension of credit was to be used for a Home Equity Loan, defined by Section (50)(a)(6). Therefore, the Defendant fail to meet the requirement that the power of attorney specifically states

the Property would be used as collateral for a Home Equity Loan required by State of Texas Constitution for a Home Equity Loan and security instrument securing the extension of credit, in this case Deed of Trust, to be a valid lien.

12. Gattenby is seeking a Declaration that the Lender, FTC, forfeit all principal and interest for failing to comply with Lender's obligations pursuant to Section (50)(a)(6)(Q)(10). Since the Power of Attorney relied upon by Capital One was invalid for Home Equity Loan the lender is unable to cure the defect of an invalid loan. Thus, FTC forfeits all principal and interest.

13. The time to bring suit to collect the Line of Credit and seek recovery of the real property has expired. The last payment on the Line of Credit as shown on the last page of the FTC Capital, LLC's Petitioner's Application for an Expedited Order Under Rule 736 in Cause No. DC-22-00618, for foreclosure of the invalid Home Equity Loan states that the Interest was paid to 7/20/2017 and on their Motion to Strike on page 3 at paragraph 9-"Here, the cause of action Accrued on July 20, 2017". As no payments on the Line of Credit have been made since July 20, 2017, this Line of Credit is beyond the four (4) year statue to bring suit for collection or recovery of real property or for foreclosure of Home Equity Loan. See Tex. Prac. & Rem. Code Sec. 16.035 (a) and (b). Thus, Petitioner Application for an Expedited Order Under Rule 736 on a Home Equity Loan is time barred.

14. Gattenby is seeking a ruling that the Line of Credit is time barred from being collected and the recovery of the Property securing the Deed of Trust cannot be enforced against Gattenby as the suit Under Rule 736 was filed on January 6, 2022 which is more than four (4) years from when the action accrued. Therefore, the title should be quieted and the cloud on title should be removed.

15. Gattenby asserts, that the Line of Credit agreement on page 7 and Deed of Trust on page 8 are not the signature of Gattenby. The ported signatures of Burroughs and Gattenby are identical.

Gattenby was not present when the Line of Credit and Deed of Trust documents were signed and had no knowledge of the Line of Credit until after the Line of Credit was in default. Gattenby was not physically present before the notary Andrew Dunham when her signature was notarized as her purported signature and purportedly sworn before the notary that the signature was in fact her signature. An improper notary acknowledgement makes the acknowledgement void and not recordable as a valid and enforceable Deed of Trust that secured the Property. Thus, the Deed of Trust is invalid as a matter of law. As stated, Gattenby did not personally approve of anyone signing a Line of Credit nor the Deed of Trust on her behalf on her separate property. The property, the subject of the Line of Credit and Deed of Trust, as stated is the separate property of Gattenby and Burroughs had no ownership or any interest of ownership in the Property.

16. As the signatures on the Line of Credit and Deed of Trust documents are identical, Burroughs signed his name in place of signature by Gattenby. The signature was an improper signature and not the signature of Gattenby. If Burroughs was signing in some other capacity, it must be accurate as to how and in what capacity he was signing for Gattenby on the Line of Credit and Deed of Trust to be a valid signature for Gattenby. The signatures were done without Gattenby being personally and physically present to sign Line of Credit and Deed of Trust and personally and physically present before the notary to place a lien on her separate property. Not being physically present is a violation of Capital One, N.A. loan policies and a violation of Section 50(a)(6), Article XVI, Texas Constitution, that requires both owner of the property and the spouse to be physically present to sign the Note and Deed of Trust on a home equity line of credit. The Deed of Trust is invalid as matter of law as Gattenby was not physically present as Capital One, N.A. policies required and the law requires for her to personally be present to sign the Line of Credit and Deed of Trust. In addition, to being required to be physically present for a valid notary acknowledgment. As valid notary acknowledgement is required

for a deed of trust to be recordable which it was not in this case the Deed of Trust is invalid as a matter of law. Gattenby is entitled to have cloud removed on the title to her Property.

## V. ATTORNEY FEES

Petitioner seek recovery of its reasonable and necessary attorneys' fees from Defendant through trial and all appeals pursuant to the parties' agreement and/or Chapter 38 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

## VI. CONDITIONS PRECEDENT

All conditions precedent to Petitioners right to bring the above cause of action, and for recovery requested herein, have been performed or otherwise already occurred.

WHEREFORE, PREMISES, CONSIDERED, Petitioner Carol Gattenby:

1. Prays that Home Equity Line of Credit Agreement and the Texas Deed of Trust Home Equity Line of Credit rules to be held invalid for failure to comply with Article XVI, Texas Constitution, Section (50)(a)(6),(A),(N),(Q)(6),(Q)(10);

2. That the Home Equity Line of Credit Agreement and Texas Deed of Trust Home Equity Line of Credit as to Carol E. Burroughs a/k/a Carol Gattenby be invalid, she is entitled to have a quite title and the cloud on the title to the Property be removed;

3. That the foreclosure is time barred for not bringing the action of foreclosure within four (4) years from the date of action accrued as judicially admitted by Defendant FTS Capital LLC;

4. Reasonable attorney fees as provided by Texas law;

5. Recover all costs of suit; and

6. Any other relief that the Court deems just and that Plaintiff may be entitled.

Respectfully submitted,

Swift Law Firm, PLLC

*[signature]*

By: _____
Wayne Swift, Esq.
State Bar #19586000
4217 Ridgehaven Court
Fort Worth, TX 76116
Telephone: (817) 8517503
Mobile Phone: (817) 219-0435
Email: swiftlawfirm@sbcglobal.net
Attorney Carrol Gattenby

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically served on all counsel of record on April 4, 2023.

*[signature]*

_____
Wayne Swift, Esq.

IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS DALLAS DIVISION

| | | |
|---|---|---|
| CAROL GATTENBY f/k/a<br>CAROL E. BURROUGHS,<br>Petitioner,<br><br>vs.<br><br>FTS CAPITAL, LLC,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:22-CV-2538-S-BH |

## PLAINTIFF'S AFFIDAVIT

Before me the undersigned authority personally appeared the undersigned who, being by me duly sworn, does state.

1. That the undersigned has read the Petitioner's First Amended Petition To Quite Title and to Remove the Cloud on Title to which this Affidavit is attached.

2. That to the best of the knowledge of the undersigned the statements contained therein are true and correct.

_____
Carol Gattenby
fka Carol Burroughs

Subscribe and sworn to before, me, a Notary Public, this ___4th___ day of April, 2023.

Stamp

[Notary Seal: Stefanie Randall, My Commission Expires 10/30/2023, ID No. 130425547]

_____
Notary Public in and for State of Texas